J-S60039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HOMER RICHARD CLIFFORD, SR. | |
| Appellant | No. 910 EDA 2015 |

Appeal from the PCRA Order March 10, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003562-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED NOVEMBER 30, 2015**

Homer Richard Clifford, Sr., appeals, *pro se*, from the order entered March 10, 2015, in the Chester County Court of Common Pleas, dismissing his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Clifford seeks relief from the judgment of sentence of an aggregate 10 to 20 years' imprisonment, imposed on October 11, 2012, following his guilty plea to charges of involuntary deviate sexual intercourse (two counts), endangering the welfare of a child, and corruption of minors for the sexual abuse of his granddaughter.[1]  On appeal, Clifford asserts the PCRA court erred in dismissing his petition as untimely filed because the ineffectiveness of plea

---

[1] 18 Pa.C.S. §§ 3123(a)(6), 4304, and 6301, respectively.

counsel deprived him of his right to a direct appeal. For the reasons below, we affirm.

On July 7, 2011, the victim, then 21 years old, reported to the Coatesville Police Department that she had been sexually assaulted by Clifford, her grandfather, on at least two occasions, when she was under the age of 13 years old. On April 30, 2012, Clifford, represented by retained counsel, entered a guilty plea to the above-stated charges. The trial court deferred sentencing and ordered Clifford to undergo an assessment by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine whether he was a sexually violent predator under Megan's Law.[2]

On October 11, 2012, the trial court held a combined Megan's Law/sentencing hearing. Clifford did not contest the findings of the SOAB evaluator as outlined in his assessment, and accordingly, the trial court determined Clifford met the criteria for classification as a sexually violent predator. *See* N.T.10/11/2012, at 3-7. The court then proceeded to sentence Clifford to two consecutive mandatory minimum terms of five to 10

---

[2] We note that, effective December 20, 2012, Megan's Law was replaced by the Sexual Offenders Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

years' imprisonment[3] for the each charge of IDSI, and two concurrent sentences of six to 12 months' imprisonment for the charges of endangering the welfare of a child and corruption of minors. Accordingly, the court imposed an aggregate sentence of 10 to 20 years' imprisonment.

Clifford did not file a post-sentence motion within 10 days of sentencing. Rather, on November 13, 2012, Clifford filed a petition for leave to file post sentence motions *nunc pro tunc*.[4] The court initially granted the petition, and Clifford filed a post-sentence motion challenging the validity of

_____

[3] Although not specified in the record, it appears the mandatory minimum sentences were imposed pursuant to 42 Pa.C.S. § 9718 (Sentences for offenses against infant persons).

[4] Post-sentence motions must be filed "no later than 10 days after the imposition of sentence." Pa.R.Crim.P. 720(A)(1). Here, Clifford sought permission to file a post-sentence motion *nunc pro tunc* on the thirty-third day after the imposition of sentence. However, the 30th day, November 10, 2012, fell on a Saturday, and Monday, November 12, 2012, was a court-observed holiday, namely, Veteran's Day. Therefore, if Clifford had filed a **notice of appeal** on November 13, 2012, it would have been timely filed.

We note the trial court expressly granted Clifford's petition to file a post-sentence motion *nunc pro tunc* on November 13, 2012, which was, as noted above, the 30th day after sentencing. When a trial court expressly grants *nunc pro tunc* relief within the 30-day period following the imposition of sentence, the post-sentence motion is considered timely filed. **See Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*). However, as explained *infra*, the trial court later designated the post-sentence motion as a PCRA petition. As such, unfortunately, any relief to which Clifford may have been entitled is now lost since the instant appeal is from an untimely second PCRA petition. **See infra**.

- 3 -

his plea and the discretionary aspects of his sentence. Thereafter, on November 26, 2012, retained defense counsel filed a petition to withdraw so that Clifford could apply for a public defender. The court granted the petition to withdraw on January 7, 2013, and appointed the Public Defender's Office to represent Clifford.

However, on January 11, 2013, the trial court entered an order stating that Clifford's putative post-sentence motion was "in fact [Clifford's] first PCRA petition." Order, 1/11/2013 (footnote omitted). The court directed counsel to file either an amended petition or a petition for leave to withdraw pursuant to **Turner**/**Finley**,[5] within 60 days. **See id.** Counsel complied with the court's directive, and filed a petition to withdraw and accompanying **Turner**/**Finley** "no merit letter" on March 14, 2013. On April 24, 2013, the PCRA court sent Clifford notice of its intent to dismiss his petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Clifford did not file a response, and, accordingly, on June 21, 2013, the court entered an order dismissing the PCRA petition. Thereafter, Clifford filed a timely, *pro se* appeal to this Court; however, the appeal was dismissed on November 26, 2013, when Clifford failed to file a brief. **See** Order, 11/26/2013.

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Nearly one year later, on October 10, 2014, Clifford filed a *pro se* document titled, "Legal Letter of Notice of Withdraw of Guilty Plea," in which he asserted, *inter alia*, (1) he had newly discovered evidence that the detective who questioned him was involved in a corruption scandal, and (2) the detective had tricked him into going to the police station without an attorney. The PCRA court appointed counsel on October 27, 2014, and directed counsel to file either an amended petition or a "no merit" letter within 60 days. However, on November 6, 2014, Clifford filed another *pro se* motion to withdraw his guilty plea.

Thereafter, on December 23, 2014, appointed counsel filed a petition to withdraw and accompanying **Turner**/**Finley** "no merit" letter. Clifford responded by filing a *pro se* objection to counsel's petition to withdraw, and asserting, *inter alia*, the illegality of his mandatory minimum sentences under **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[6] On February 4, 2015, the PCRA court, once again, notified Clifford of its intent to dismiss his

_____

[6] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. This Court has held that the mandatory minimum sentencing statute under which Clifford was sentenced, 42 Pa.C.S. § 9718, is constitutionally invalid pursuant to **Alleyne**, and that defendants who were sentenced under Section 9718 and whose cases were pending on direct appeal at the time **Alleyne** was decided, are entitled to relief. **See Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015).

petition pursuant to Rule 907. Clifford filed an untimely *pro se* response,[7] in which he asserted, *inter alia*, his claims fell within the time for filing PCRA exceptions. On March 10, 2015, the PCRA court dismissed Clifford's petition as untimely filed, and this appeal follows.[8]

On appeal, Clifford contends the PCRA court erred in dismissing his petition as untimely filed. Specifically, he argues:

> [I]t was clear that counsel failed to file his Post Sentence Motion in a timely manner. This result[ed] in the Trial Court treating the late motion as a PCRA.

Clifford's Brief at 8. Accordingly, Clifford asserts trial counsel's "failure to act in a timely manner, prejudiced [him] in such a way to abridge his

---

[7] The PCRA court explained the untimeliness of Clifford's response as follows:

> The court issued a Notice of Intent to Dismiss the instant PCRA petition on February 4, 2015. As per Pa.R.A.P. 907(1), [Clifford] was informed that he had twenty (20) days from the issuance of that Notice to respond, or else his petition would be dismissed. [Clifford's] response to our Notice was postmarked on February 27, 2015, which is the effective date of [Clifford's] filing as per the "prison mailbox rule." ***See Commonwealth v. Little***, 716 A.2d 1287 (Pa. Super. 1998). [Clifford's] response was filed 23 days following the Court's Notice, therefore, his response is untimely and the petition is dismissed.

Order, 3/10/2015, at 2 n.1.

[8] On April 1, 2015, the PCRA court ordered Clifford to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Clifford complied with the court's directive, and filed a concise statement on April 17, 2015.

constitutional right to Direct Appellate Review." ***Id.*** at 9. Therefore, he requests permission to file a direct appeal *nunc pro tunc*.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

In the present case, the PCRA court determined Clifford's petition, his second, was untimely filed. ***See*** Order 2/4/2015, at 2 n.1. The PCRA mandates that any petition for relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, **regardless of the nature of the individual claims raised therein**.

***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted and emphasis supplied).

Clifford's judgment of sentence became final on November 12, 2012, thirty days after his sentence was imposed, and he failed to file a direct

appeal. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Clifford had until November 12, 2013, to file a timely PCRA petition.[9] The present petition, filed nearly one year later on October 10, 2014, is facially untimely.[10]

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Further, any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

---

[9] As noted above, the trial court considered Clifford's belated post-sentence motion, filed on November 13, 2012, to be a timely first PCRA petition.

[10] We note the court dismissed Clifford's first PCRA petition on June 21, 2013. Had Clifford not filed an appeal from that order, he could have filed a second **timely** PCRA petition before the one-year filing deadline expired on November 12, 2013.

Clifford does not argue that one of the timing exceptions apply to the facts of his case. Rather, he simply asserts that plea counsel's ineffectiveness in filing an untimely post sentence motion resulted in the loss of his direct appeal rights, and "forced him into premature PCRA proceedings."[11] Clifford's Brief at 9a. The Supreme Court has "repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013), *cert. denied*, 134 S. Ct. 639 (U.S. 2013). Therefore, Clifford's failure to raise the applicability of a timing exception in his brief precludes our review.

We note, however, that even if we were to consider the arguments raised in Clifford's untimely, *pro se* response to the PCRA court's Rule 907 notice, we would still conclude he is entitled to no relief. With respect to the "governmental interference" exception, Clifford claims trial counsel interfered with his right to file a timely direct appeal.[12] *See* Letter Response to Rule 907 Notice, 2/27/2015, at unnumbered 12-13. However, it is well-

---

[11] It is well-settled "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

[12] We note that the trial court's actions in misconstruing Clifford's post-sentence motion *nunc pro tunc* as a first PCRA petition could be considered governmental interference under the timeliness exceptions. *See supra*, n. 4. However, Clifford, himself does not raise such a claim, and, even if he did, he did not present the claim within 60-days of the court's error. *See* 42 Pa.C.S. § 9545(b).

established that "the alleged ineffectiveness of all prior counsel … does not fall within the governmental interference exception." ***Commonwealth v. Crews***, 863 A.2d 498, 503 (Pa. 2004).

Further, with regard to the "newly discovered facts" exception, Clifford asserts that he was unaware plea counsel had filed an untimely post-sentence motion. ***See*** Letter Response to Rule 907 Notice, 2/27/2015, at unnumbered 13-14. However, he fails to aver when he became aware of counsel's actions, or that he filed the present petition within the requisite 60-day period thereafter. ***See*** 42 Pa.C.S. § 9545(b)(2). Clifford also attempts to invoke the "newly recognized constitutional rights" exception, but argues only that he believes his constitutional rights were violated from the "very beginning of [his] initial contact with law enforcement." Letter Response to Rule 907 Notice, 2/27/2015, at unnumbered 16. In order to qualify for the Section 9545(b)(iii) timing exception, a petitioner must prove: (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] **after the time** provided in [Section 9545;]" and (2) the right 'has been held' by 'that court' to apply retroactively." ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002) (emphasis supplied) Because

Clifford failed to identify a specific, newly recognized constitutional right, his argument necessarily fails.[13]

Therefore, because we agree with the conclusion of the PCRA court that the present petition was untimely filed, and Clifford has failed to plead or prove the applicability of one of the timeliness exceptions, we affirm the order dismissing Clifford's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015

---

[13] We note Clifford did not reiterate his **Alleyne** claim in either his Rule 907 response, or in his appellate brief. Nevetheless, this Court has held **Alleyne** does not satisfy the "newly recognized constitutional right" exception to the PCRA's one-year bar. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014).